UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KERLIN DE LOS SANTOS,

                          Plaintiff,

          - against -

BRIAN KELLY, as an owner, partner or
manager of JUST WOOD FURNITURE,
INC. d/b/a JUST WOOD and as an owner,
partner or manager of EIGHT NINETY ONE
LONGFELLOW CORP., and Individually,

                          Defendant.

-------------------------------------------------------x

**ECF CASE**

Docket No.:

# COMPLAINT

**PLAINTIFF DEMANDS
A JURY TRIAL**

# 06 CIV. 5749

Plaintiff, KERLIN DE LOS SANTOS, by his attorneys, GOODSTEIN & WEST, complaining of the Defendant, allege as follows:

1.       This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq.* and for retaliation, pursuant to the FLSA, 29 USC §215(a)(3).  Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce.  Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq.*, and  §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR  §142-2.2.

**PARTIES**

2.      At all times relevant, Plaintiff, KERLIN DE LOS SANTOS, (hereinafter "DE LOS SANTOS") was a resident of the County of the Bronx, City and State of New York.

3.      At all times relevant, Defendant, BRIAN KELLY (hereinafter "KELLY")was an owner, partner or manager of JUST WOOD FURNITURE, INC. (hereinafter "JUST WOOD"), who was located at 891 Longfellow Avenue, Bronx, New York, and was DE LOS SANTOS's supervisor.

4.      At all times relevant, Defendant, BRIAN KELLY (hereinafter "KELLY") was an owner, partner or manager of EIGHT NINETY ONE LONGFELLOW CORP. (hereinafter "891"), and was DE LOS SANTOS's supervisor.

5.      Defendant KELLY is an "employer" for purposes of the Fair Labor Standards Act (29 USC §201 *et seq.*) and the New York State Labor Law (Labor Law §§190 *et seq.*).

6.      JUST WOOD and 891 are nominally separate entities who are part of a single integrated enterprise having common ownership and/or management and both of which formed a single employer of Plaintiff.

**FACTS**

7.      Plaintiff was hired as a driver by JUST WOOD in Spring 2002.

8.      At the time of his hiring, Plaintiff was an hourly employee.

9.      Plaintiff was terminated on September 9, 2005.

10.     At the time of his termination, Plaintiff held the position of Warehouse Manager.

11.     Plaintiff was paid on a salaried basis as warehouse manager.

12.     Plaintiff went from an hourly to a salaried position in or about July 2004, at which time Plaintiff's gross weekly salary was $200.00.

-2-

13.   In October 1, 2004, Plaintiff's weekly gross salary was $350.00, plus a transportation bonus.

14.   At the time of his termination in September 2005, Plaintiff's weekly gross salary was $300.00, plus a transportation bonus.

15.   During the course of his employment Plaintiff worked for both JUST WOOD and 891.

16.   During his employment Plaintiff was supervised by defendant KELLY.

17.   During times in his employment, Plaintiff was scheduled to work six (6) days a week, averaging 8 or more hours daily.

18.   Upon hiring, Plaintiff was advised that JUST WOOD provided each employee would receive six (6) paid holidays, six (6) paid sick days and one (1) week's paid vacation annually.

19.   Defendant and others representing JUST WOOD and 891 failed or refused to pay to Plaintiff holiday pay.

20.   Defendant and others representing JUST WOOD and 891 failed or refused to pay to Plaintiff sick pay.

21.   Defendant and others representing JUST WOOD and 891 failed or refused to pay Plaintiff his accrued vacation time.

22.   Defendant and others representing JUST WOOD and 891 failed or refused to allow Plaintiff to take lunch breaks to which Plaintiff was entitled.

23.   Defendant and others representing JUST WOOD and 891 did not pay Plaintiff overtime wages.

24.   After Plaintiff became a salaried employee in 2004, JUST WOOD and 891 frequently

-3-

deducted wages from Plaintiff's salary for absences of less than one full day.

25.    After Plaintiff became a salaried employee in 2004, Defendant and others representing JUST WOOD and 891 deducted from Plaintiff's wages for partial or full day absences taken by Plaintiff for personal reasons or for illness and for Plaintiff's alleged opening late at work.

26.    On December 24, 2004, Defendant and others representing JUST WOOD and 891 only paid to Plaintiff two (2) days of Plaintiff's accrued one week vacation time.

27.    On numerous dates in 2005, Defendant and others representing JUST WOOD and 891 deducted hours, half-days, full days and multiple days from Plaintiff's wages.

28.    In 2004, Plaintiff sustained an on-the-job physical injury that necessitated Plaintiff obtain medical treatment in a hospital emergency room.

29.    Defendant and others representing JUST WOOD and 891 failed and/or refused to file a Worker's Compensation Claim for Plaintiff's work related injury, made unauthorized deductions from Plaintiff's wages for the days Plaintiff missed from work due to Plaintiff's work related injury, and deducted from Plaintiff's income part of the costs of the hospital bill.

30.    Defendant and others representing JUST WOOD and 891 authorized deductions be made from Plaintiff's wages, claiming "employee loan."

31.    On September 9, 2005, Plaintiff once again approached Defendant, KELLY, requesting Plaintiff be paid the vacation time owed to him and that Plaintiff be reimbursed the days that had been deducted from his salary.

32.    On September 9, 2005, Plaintiff was summarily terminated by Defendant, KELLY, as a result of Plaintiff's formal complaints to Defendant, KELLY, about Defendant's violation of Plaintiff's statutory rights.

-4-

33.     Months earlier, Plaintiff had previously been threatened with termination by Defendant, KELLY, for Plaintiff's voicing his same complaints to Defendant KELLY and/or Defendant's partners or co-owners about Plaintiff's benefits and salary being withheld and denied.

34.     On September 13, 2005, Plaintiff was sent a letter of termination signed by Defendant, KELLY, stating Plaintiff was terminated "due to tardiness".

35.     The letter requested Plaintiff return the warehouse keys and, at that time, pick up his final paycheck.

36.     No other requests were made of Plaintiff by Defendant.

37.     On or about September 21, 2005 Plaintiff turned in the keys and received his final paycheck, dated September 14, 2005,  in the amount of $177.26.

38.     Plaintiff has not receive any additional correspondence or communications from Defendant.

### AS AND FOR A FIRST CAUSE OF ACTION

39.     Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

40.     Although Plaintiff worked overtime as a driver during the period Spring 2002 through July 2004, he did not receive overtime compensation for this period.

41.     Plaintiff earned Ten ($10.00) Dollars per hour during the time he was a driver.

42.     Plaintiff did not receive any compensation for the hours he worked over forty (40) per week.

43.     Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

44.     Defendant's failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION

45.     Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

46.     Although Plaintiff was classified as a Manager and a salaried employee, Defendant KELLY authorized impermissible deductions from Plaintiff's salary.

47.     Since Defendant's policy or practice authorized deductions for partial-day absences, lateness and sick days, Plaintiff was a non-exempt employee and covered by the FLSA.

48.     As a covered employee, Plaintiff was entitled to overtime payments at the rate of time-and-a-half.

49.     Plaintiff frequently worked more than forty (40) hours a week during the period July 2004 until his termination in September 2005.

50.     Plaintiff did not receive compensation for the more than forty (40) hours a week he worked for this period.

51.     Plaintiff did not receive overtime compensation at the rate of time-and-a-half for this period.

52.     Plaintiff's regular rate of pay should have been $13.80 per hour, based upon Plaintiff's salary and transportation bonus of $552.72 weekly gross.

53.     Plaintiff was frequently not permitted to take a lunch time or break and also had to work during these unpaid times.

54.     Plaintiff did not receive wage compensation or overtime payments at the rate of time-

and-a-half, in violation of the FLSA, although he worked more than forty (40) hours per week.

55.    Defendant's failure to pay Plaintiff wage compensation and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A THIRD CAUSE OF ACTION

56.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

57.    During Plaintiff's employment with Defendant KELLY and JUST WOOD and 891, Defendant KELLY authorized impermissible deductions from Plaintiff's salary.

58.    Plaintiff frequently was not permitted to take a lunch time or break and had to also work during those times for which he was not paid.

59.    Plaintiff earned $13.16 per hour, based upon his 7 hours a day, 6 days a week-- for a 42 hour standard work week, based upon Plaintiff's salary and transportation bonus of $552.72 weekly gross.

60.    Plaintiff did not receive wages for the more than forty (40) hours a week Plaintiff worked, in violation of the FLSA.

61.    Defendant's failure to pay Plaintiff wages was willful.

## AS AND FOR A FOURTH CAUSE OF ACTION

62.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

63.    Although Plaintiff was promoted to the position of warehouse manager in 2004, Plaintiff was not an exempt employee under the FLSA.

-7-

64.     As a non-exempt employee, Plaintiff was entitled to receive overtime payments at the rate of time-and-a-half, in compliance with the FLSA.

65.     Plaintiff did not receive wage compensation or overtime payments at the rate of time-and-a-half, in violation of the FLSA, although he frequently worked more than forty (40) hours per week.

66.     Defendant's failure to pay Plaintiff wage compensation and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A FIFTH CAUSE OF ACTION

67.     Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

68.     After Plaintiff complained to Defendant, KELLY, the managing owner, on September 9, 2005, of JUST WOOD and 891's continued failure to pay to Plaintiff his accrued vacation pay and Plaintiff's demanded the unlawful deductions be returned, Defendant, KELLY, immediately terminated Plaintiff's employment.

69.     Plaintiff's termination by Defendant, KELLY, was a direct act of reprisal or retaliation for Plaintiff having complained again about Defendant's failure to pay Plaintiff vacation and Defendant's impermissible deductions from Plaintiff's pay.

70.     Defendant, KELLY's conduct in terminating Plaintiff in retaliation for Plaintiff's formal complaints to management/owners violated FLSA, §215(a)(3)[1].

71.     Defendant's action in terminating Plaintiff was willful and intentional.

---

[1]
Plaintiff contends his conduct, in filing a complaint with his employer/owner, not to a supervisor, is covered by FLSA §215(a)(3) and is to be distinguished from Lambert v. Genesee Hospital, 10 F.3d 46 (2d Cir. 1993). Plaintiff further believes that holding to be wrongly decided and it is inopposite to the majority of the Circuits that have addressed the issue on whether a cause of action for reprisal lies when an internal formal complaint is made.

## AS AND FOR A SIXTH CAUSE OF ACTION

72.     Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

73.     After Plaintiff filed his related federal Complaint against JUST WOOD and 891, (95 Civ. 9369), the defendants amended their Answer, adding three fraudulent counterclaims against Plaintiff.

74.     Defendant KELLY's involvement in adding these fraudulent counterclaims was an unlawful discriminatory practice on the part of Defendant KELLY and other representatives and owners of JUST WOOD and 891 for Plaintiff having filed that Complaint against JUST WOOD and 891 for their failure to pay Plaintiff vacation pay and for the employers' impermissible deductions from Plaintiff's pay.

75.     Defendant KELLY's actions in adding these fraudulent counterclaims was a direct act of reprisal or retaliation for Plaintiff having filed a Complaint against the employers for their failure to pay Plaintiff vacation and the employers' impermissible deductions from Plaintiff's pay.

76.     Defendant KELLY's conduct, in asserting against Plaintiff the fraudulent counter-claims into the Amended Answer in the related action, was in retaliation for Plaintiff's filing a formal Complaint and, as such, it violated FLSA, §215(a)(3).

77.     Defendant KELLY's action in asserting against Plaintiff the fraudulent counterclaims into the Amended Answer in the related action was willful and intentional.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

78.     From Spring 2003 through July 2004, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

79.    From Spring 2003 through July 2004, Plaintiff was denied wage compensation for hours worked and for improper deductions, in violation of Labor Law §190 *et seq.*, and §652(1).

80.    From July 2004 through September 9, 2005, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2.

81.    From July 2004 through September 9, 2005, Plaintiff was denied wage compensation for hours worked and for improper deductions, in violation of Labor Law §190 *et seq.*, and §652(1).

**WHEREFORE**, Plaintiff requests that this Court enter an Order in favor of Plaintiff and against Defendant KELLY determining:

## On The Fair Labor Standards Act Causes of Action

(a)    That Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between Spring 2002 through and including the present;

(b)    That Defendant's violation of the Fair Labor Standards Act was willful;

(c)    Granting Plaintiff payment of his hourly wage for each and every hour worked during the period of Spring 2002 through September 2005 and reimbursement of any outstanding impermissible deductions taken from Plaintiff's salary;

(d)    Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

(e)    Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

(f)    Awarding Plaintiff his costs and reasonable attorneys fees, together with such other and further relief as to the Court seems just and proper.

## On the New York State Labor Law Cause of Action

(g)    That Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

-10-

(h)     Declaring that Defendant's violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i)     Granting Plaintiff payment of his hourly wage for each and every hour worked during the period of Spring 2002 through September 2005 and reimbursement of any outstanding impermissible deductions taken from Plaintiff's salary;

(j)     Awarding Plaintiff for the period Spring 2002 through September 9, 2005, a payment for overtime at the rate of time and-a-half for working over forty (40) hours per week during the period;

(k)     Finding that Defendant's refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

(l)     Awarding Plaintiff reasonable attorney's fees.

**On the Sixth Cause of Action:**

(m)     That the Counterclaims asserted in the Amended Answer against Plaintiff be dismissed;

(n)     that Plaintiff be awarded damages in an amount to be determined at trial;

(o)     that Plaintiff be awarded attorneys' fees for having to defend against these fraudulent claims;

(p)     that Plaintiff be awarded interest and all costs incurred in defending against these fraudulent claims; and

(q)     for such other and further relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised

by this Complaint.

Dated: New Rochelle, New York
      July 17, 2006

                                      Yours, etc.,

                                      **GOODSTEIN & WEST**

                                      By: _____

                                    **PAULA JOHNSON KELLY (PJK 8889)**
                                    *Attorneys for Plaintiff*
                                    56 Harrison Street, Suite 401
                                    New Rochelle, New York 10801
                                    (914) 632-8382